# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MEJIA AVILA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendant. | Case No. 1:23-cv-01440-SAB<br><br>ORDER GRANTING MOTION TO APPOINT YANELI FRANCO AS GUARDIAN AD LITEM FOR MINOR PLAINTIFFS AND DIRECTING PARTIES TO CONSIDER FRCP 5.2 AND L.R. 140<br><br>ORDER VACATING NOVEMBER 8, 2023 HEARING<br><br>(ECF No. 5) |

    On October 19, 2023, a motion for appointment of Plaintiff Yaneli Franco to act as guardian ad litem for the two minor plaintiffs was filed in this action brought pursuant to the Federal Tort Claims Act and related federal laws. (ECF No. 1.) The Court finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the hearing set for November 8, 2023 will be vacated and the parties will not be required to appear at that time.

    As a threshold matter, the Court notes the complaint and instant motion refer to the two minor Plaintiffs by their full names in apparent contravention to Federal Rule of Civil Procedure ("Rule") 5.2 and Local Rule 140. The Court directs the parties to consider the privacy protections for filings made with the Court provided under Rule 5.2 and Local Rule 140. Unless the Court orders otherwise, "when filing documents, counsel and the Court shall omit or, where

1

reference is necessary, partially redact [minors' names] from all pleadings, documents, and exhibits…" L.R. 140(a)(i). Specifically, "in civil actions[,] use initials when federal or state law *require* the use of initials, or when the specific identity of the minor is not necessary to the action or individual document." Id. (emphasis in original). Notably, the Court will not "as a matter of course seal on its own motion documents containing personal data identifiers, or redact documents, whether filed electronically or on paper." L.R. 140(e). This Order will refer to the two minor Plaintiffs that are subject to the instant motion by their initials, "D.M." and "A.M."

As to the merits of the instant motion, Rule 17 of the Federal Rules of Civil Procedure provides that a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. Id. "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." Id. A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015). This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. Id. (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." Gonzalez v. Reno, 86 F. Supp. 2d 1167, 1185 (S.D. Fla.), aff'd, 212 F.3d 1338 (11th Cir. 2000). While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict. Anthem Life Ins. Co. v. Olguin, No. 1:06-cv-01165 AWI NEW (TAG), 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007). Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. Id., at *2.

Plaintiff Yaneli Franco declares that she is the natural mother of the D.M. and A.M. (Decl. Yaneli Franco ("Franco Decl.") ¶ 3, ECF No. 5-2 at 1-2.) Yaneli Franco declares that she is competent to protect the rights of her two minor children in this action and that she will represent each of their best interests. (Franco Decl. ¶ 4.) Yaneli Franco further asserts that she has no interests adverse to those of D.M. or A.M. (Franco Decl. ¶ 5.) Finally, Plaintiff's motion contends that no representative or guardian has previously been appointed to act on behalf of either D.M. or A.M. (ECF No. 5 at 2.)

Here, having considered Yaneli Franco's motion for appointment as guardian ad litem for D.M. and A.M. and the supporting declarations, the Court finds no conflict that would preclude Plaintiff Yaneli Franco from serving as guardian ad litem for D.M. and A.M. in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to appoint guardian ad litem is GRANTED;
2. Plaintiff Yaneli Franco is appointed guardian ad litem for D.M. and A.M.;
3. The parties are directed to consult Federal Rule of Civil Procedure 5.2 and Local Rule 140; and
4. The hearing set for November 8, 2023 is VACATED.

IT IS SO ORDERED.

Dated:   **October 20, 2023**

UNITED STATES MAGISTRATE JUDGE